THIRD NATIONAL BANK & TRUST CO., TRUSTEE, APPELLEE, *v.* EATON ET AL.; BOGUE ET AL., APPELLANTS.

[Cite as Third National Bank v. Eaton (1972), 33 Ohio App. 2d 264.]

(No. 3878—Decided July 5, 1972.)

*Messrs. Turner, Wells, Granzow & Spayd,* for appellee.
*Messrs. Smith & Schnacke, Mr. Walter A. Porter, Messers. Rippner, Schwartz, Carlin & Weiss,* for appellants.

KERNS, J. This appeal challenges the construction placed upon the will of John Henry Vaile by the probate division of the Court of Common Pleas of Montgomery County. Mr. Vaile died on May 8, 1925, with no immediate family. His wife and parents had predeceased him and he had no children.

After making a number of general and specific bequests, the testator, in Item II of his will, gave all the rest and residue of his estate to a named trustee with directions to pay one-half of the trust income therefrom to certain named beneficiaries for life. In Item III, Mr. Vaile bequeathed $50 per month to his stepson, Wesley Cole, for life, and upon his death, to his children for their lives. Then, in Items IV and V of the will, the testator provided as follows:

"ITEM IV: While said life beneficiaries shall remain living, the residue of all net income from my estate shall be applied by said Trustee as follows: one half of said residue of said net income shall be paid to the Board of Trustees of The Miami Valley Hospital of Dayton, Ohio, to be used by said Board for the support and maintenance of the Department of said Hospital for the care of indigent crippled children; One fourth thereof shall be paid to the Board of Trustees of the Firemen's Pension Fund of the City of

Dayton, Ohio, as the same may be from time to time constituted; One fourth thereof shall be paid to the Board of Trustees of the Police Pension Fund or The Police Relief Fund of the City of Dayton, Ohio, as the same may be designated, as said Board of Trustees may be from time to time constituted. Said respective Boards of Trustees shall distribute said income pro rata to the beneficiaries of said respective funds under rules to be established by said Boards substantially in accordance with the general rules of said Boards from time to time in force, the intention being that the sums to be paid to the beneficiaries of said funds out of the income received from my estate shall be in addition to the amounts received under rules of said Board; and that the amounts payable to the beneficiaries of said funds out of the said statutory relief funds and pension funds shall not be decreased.

"ITEM V: As said life beneficiaries shall die, the net income which was payable to them during their several life times, shall become a part of the principal of my estate, and shall be invested by said Trustee as hereinbefore provided. When all of the personal beneficiaries of the income of my estate hereinbefore named shall have died, the whole income from my estate shall be applied as follows to-wit: One half thereof shall be added from time to time to the principal of my estate and invested by said Trustee; One fourth thereof shall be paid to the Board of Trustees of the Miami Valley Hospital; One eighth thereof shall be paid to the Trustees of said Firemen's Pension Fund, and One eighth thereof shall be paid to the Trustees of said Police Relief Fund or Police Pension Fund all to be applied as provided in Item IV hereof."

The trustee appointed by the will and the successor trustee, The Third National Bank and Trust Company of Dayton, Ohio, appellee herein, administered the Vaile trust according to its terms from 1925 to 1967, at which time the law applicable to firemen and police pension funds was changed by legislative action.

Thereupon, the successor trustee commenced this proceeding seeking a construction of the Vaile will and a dec-

laration of the rights of the parties to the net income from the Vaile trust. The defendants, who are heirs-at-law of John Vaile and appellants herein, upon being granted leave to plead in the action, filed a cross-petition alleging that Vaile died intestate with respect to one-half of his residuary estate. On July 6, 1971, the trial court rendered a comprehensive opinion upholding the validity of the trust, and on September 23, 1971, entered judgment upon the finding that the decedent had lawfully disposed of his entire residuary estate. From the judgment so entered, the defendants have appealed to this court.

For their first assignment of error, the appellants urge that the will, as to one-half of the estate, violates the rule against perpetuities. But in applying this rule, the test of vesting is not whether the beneficial enjoyment of the proceeds of the estate will arise within the period of the lives in being plus twenty-one years, but whether within such period it becomes certain that the interest is unconditional and will reach fruition in the future.

In this context, and with a view to intent, the language of Item V of the will, as we understand it, makes no allowance for construction. Therein, the testator gave "the whole income" from his estate to the three named beneficiaries, and the mode and means he employed to accomplish his charitable purpose does not detract from his ultimate goal. The accumulation of one-half of the income merely increases the principal and thus enlarges the other one-half of the income specifically designated for charity.

The appellants argue that the direction to the trustee to apply accumulated income to the principal "from time to time" is a condition precedent, and that the condition may never be fulfilled. Noticeably, the provision for the addition of income to principal from time to time is mandatory; hence, the particular phraseology of the provision can do no more than temporarily delay present enjoyment of projected income. It does not obscure the intention of the testator, and it will not serve to defeat his complete gift of the whole income of the estate to the designated

charities. Where a charitable gift vests, a direction for accumulation, being for the management of the fund and not of the essence of the gift, will not, even if invalid, affect the validity of the gift. Therefore, we are of the opinion that the rule against perpetuities has no application in this case.

The second assignment of error, as stated by the appellants, is that "the trial court erred in holding that indefinite accumulations of income for charity without definable and ascertainable limitations does not violate public policy and is valid."

Assuming that the appellants could sustain this alleged error, it would be no more than an empty victory because no prejudice to the rights of heirs-at-law would result therefrom. The language of Item V of the will lends itself exclusively to a charitable motive, and we are satisfied that Mr. Vaile envisioned an immediate and unconditional bequest for the designated beneficiaries subject only to the delays incident to the management of accumulations; hence, if the accumulations provided for under Item V should become unreasonably large, the court may then exercise its *cy pres* powers and order that all or some portion of the accumulations be paid to the charities. The second assignment of error is overruled.

Finding no prejudicial error in the record, and being in agreement with the analysis of the will expressed in the opinion of the trial court, the judgment will be affirmed.

*Judgment affirmed.*

SHERER, P. J., and CRAWFORD, J., concur.